IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| JOSHUA HENDERSON, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>AHOLD DELHAIZE USA SERVICES, LLC; FOOD LION LLC; and GIANT FOOD, LLC,<br><br>Defendants. | Case No. 1:25-cv-00531 |
| JON ANKUS, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>AHOLD DELHAIZE USA SERVICES, LLC,<br><br>Defendant. | Case No. 1:25-cv-00533 |
| BRIAN LECLAIR, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>AHOLD DELHAIZE USA SERVICES, LLC,<br><br>Defendant. | Case No.: 1:25-cv-00578 |

**INTERVENOR BRIAN LECLAIR'S MOTION TO INTERVENE AND ESTABLISH
SCHEDULE FOR MOTIONS TO APPOINT INTERIM CLASS COUNSEL**

Proposed Intervenor Brian LeClair ("Intervenor"), by and through his undersigned counsel, hereby moves this Court, pursuant to Federal Rule of Civil Procedure 24, to intervene in the case captioned *Henderson v. Ahold Delhaize USA Services, LLC, et al.*, Case No. 1:25-cv-00531 (M.D.N.C.) (the "*Henderson* Action"). If granted permission to intervene, Intervenor also respectfully asks this Court to set a schedule by which all interested counsel may submit an application for appointment as Interim Class Counsel pursuant to Fed. R. Civ. P. 23(g).

There are now at least seventeen (17) cases pending in the United States District Court for the Middle District of North Carolina arising from the data breach at Defendant Ahold Delhaize USA Services, LLC ("Defendant"). The cases have all been filed within two weeks of each other—between June 27, 2025 and July 11, 2025—with the filings beginning a day after Defendant began sending notice to individuals impacted by the data breach. These cases are: *Henderson v. Ahold Delhaize USA Services, LLC, et al.*, Case No. 1:25-cv-00531 (M.D.N.C.) (filed June 27, 2025); *Ankus v. Ahold Delhaize USA Services, LLC*, Case No. 1:25-cv-00533 (M.D.N.C.) (filed June 27, 2025); *Hicks v. Ahold Delhaize USA Services, LLC, et al.*, Case No. 1:25-cv-00536 (M.D.N.C.) (filed June 30, 2025); *Begley v. Ahold Delhaize USA Services, LLC, et al.*, Case No. 1:25-cv-00546 (M.D.N.C.) (filed July 1, 2025); *Marshall v. Ahold Delhaize USA Services, LLC, et al.*, Case No. 1:25-cv-00549 (M.D.N.C.) (filed July 1, 2025); *Carter v. Ahold Delhaize USA Services, LLC*, Case No. 1:25-cv-00553 (M.D.N.C.) (filed July 2, 2025); *Benson v. Ahold Delhaize USA Services, LLC, et al.*, Case No. 1:25-cv-00555 (M.D.N.C.) (filed July 2, 2025); *Hart v. Ahold Delhaize USA Services, LLC, et al.*, Case No. 1:25-cv-00556 (M.D.N.C.) (filed July 2, 2025); *Scott v. Ahold Delhaize USA Services, LLC*, Case No. 1:25-cv-00559 (M.D.N.C.) (filed July 3, 2025); *Cullen v. Ahold Delhaize USA Services, LLC*, Case No. 1:25-cv-00563 (M.D.N.C.) (filed July 3, 2025); *Olbrich v. Ahold Delhaize USA Services, LLC*, Case No. 1:25-cv-00564 (M.D.N.C.) (filed July 3,

1

2025); *Reid et al. v. Ahold Delhaize USA Services, LLC*, Case No. 1:25-cv-00573 (M.D.N.C.) (filed July 8, 2025); *LeClair v. Ahold Delhaize USA Services, LLC, et al.*, Case No. 1:25-cv-00578 (M.D.N.C.) (filed July 9, 2025); *Dougherty et al. v. Ahold Delhaize USA Services, LLC, et al.*, Case No. 1:25-cv-00583 (M.D.N.C.) (filed July 10, 2025); *Sease v. Ahold Delhaize USA Services, LLC, et al.*, Case No. 1:25-cv-00586 (M.D.N.C.) (filed July 10, 2025); *Cainfield et al. v. Ahold Delhaize USA Services, LLC*, Case No. 1:25-cv-00585 (M.D.N.C.) (filed July 10, 2025); and *Bueno v. Ahold Delhaize USA Services, LLC, et al.*, Case No. 1:25-cv-00585 (M.D.N.C.) (filed July 11, 2025). A mere three days after the first case was filed, Plaintiffs Joshua Henderson and Jon Ankus filed their Motion to Consolidate Related Actions, Appoint Interim Lead Counsel, and Set Briefing Schedule (the "Motion") (ECF No. 4 in the *Henderson* Action).

Intervenor agrees that consolidation of these actions is appropriate, but, for the reasons below, the Court should hold the *Henderson* Plaintiffs' motion for appointment of Interim Lead Counsel in abeyance until consolidation is effectuated. To ensure the Court has a meaningful and orderly opportunity to select the "applicant[s] best able to represent the interests of the class"—as required by Fed. R. Civ. P. 23(g)(2)— the Court's consolidation order should establish a process with an appropriate deadline by which additional plaintiffs' counsel may submit applications for appointments. The selection of the best counsel to represent the plaintiff class should not turn on a "race to the courthouse," but rather an orderly and deliberative process which affords this Court an opportunity to review all interested counsel's qualifications.

## ARGUMENT

I.  **The Court should not appoint Interim Lead Counsel until it has had a reasonable opportunity to review proposals from all interested plaintiffs' counsel.**

Federal Rule of Civil Procedure 23(g)(3) explicitly provides that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action

as a class action." *Id.* Similarly, the Manual for Complex Litigation ("MCL") recommends that the Court select and authorize one or more attorneys to act on behalf of other counsel and their clients early in complex litigation. MCL 4th § 10.22 (p. 24).[1]

While Intervenor agrees that designation of Interim Lead Counsel should occur "early" in the proceedings, this is an important decision for the Court that will determine the representation of the entire putative class for the foreseeable future, so it should not be made hastily. The *Henderson* Plaintiffs made their request for appointment on June 30, 2025, the following business day, and a mere three days after filing their first complaint (*see* docket for Case No. 1:25-cv-00531 at ECF Nos. 1, 4). Since then, Defendant has yet to be served, and fifteen (15) additional actions have been filed.

The best approach for the Court is to grant the consolidation motion, hold the *Henderson* Plaintiffs' motion in abeyance, and set a reasonable deadline for all counsel to present their leadership applications. The MCL suggests courts follow this procedure:

> invite submissions and suggestions from all counsel and conduct an independent review (usually a hearing is advisable) to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable.

MCL 4th § 10.22 (p. 24).

Rule 23(g)'s considerations include: (a) work counsel has performed identifying or investigating potential claims in the action; (b) counsel's experience with claims of the type asserted in the action; (c) counsel's knowledge of the applicable law; (d) the resources that counsel will commit to representing the class; and (e) any other matter pertinent to counsel's ability to

---

[1] Federal Judicial Center, Manual for Complex Litigation, Fourth (2004), *available at* https://www.uscourts.gov/file/3228/download.

fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(g)(1)(A)(i-iv) & (B); *see also* MCL 4th at § 21.271 (p. 278).

While "[n]o single factor should necessarily be determinative in a given case," Fed. R. Civ. P. 23 Advisory Committee Note (2003), the experience and ability of the firms to handle class action litigation becomes crucial when all firms have undertaken independent investigations into the underlying facts and legal claims. If more than one adequate applicant seeks to be designated, "the court must appoint the applicant *best able* to represent the interests of the class." *See* Fed. R. Civ. P. 23(g)(2) (emphasis added).

Courts have observed that "being the first to file does not create an irrebuttable presumption of a superior investigation. If one plaintiff files first, but another plaintiff and their counsel perform more substantial post-filing investigation and development of the claims, then the later-filing plaintiff may have shown that they are better suited to represent the interests of the class in the interim." *In re Vanguard Chester Funds Litig.*, 625 F. Supp. 3d 362, 367 (E.D. Pa. 2022) (citing *Outten v. Wilmington Trust Corp.*, 281 F.R.D. 193, 199 (D. Del. 2012)). Placing too much weight on the significance of being "first-to-file" risks incentivizing a counter-productive "race to the courthouse." *See In re Vanguard Chester Funds*, 625 F. Supp. 3d at 367; *see also Nowak v. Ford Motor Co.*, 240 F.R.D. 355, 365 (E.D. Mich. 2006) ("Whether someone was 'first to file' by itself has little to do with who is the best qualified to lead the case, and does not satisfy the requirements of Rule 23(g). To hold otherwise would further encourage a 'rush to the courthouse.'").

In this case, as with most data breach litigation, all of the complaints were filed in response to the Defendant's public announcement of the breach, and were filed within days of each other. No one firm can claim to have investigated and/or developed the claims more than another firm. For this reason, any reliance on which firm was "first to file" is of limited value when selecting

4

Case 1:25-cv-00531-TDS-LPA    Document 9    Filed 07/16/25    Page 5 of 8

the counsel best qualified to represent the putative class. *See In re Enzo Biochem Data Sec. Litig.*, No. CV234282GRBAYS, 2023 WL 6385387, at *3 (E.D.N.Y. Sept. 29, 2023) ("Since none of the Plaintiffs filed a claim prior to the Breach Notice, this Court places little weight on the sequence of filings in this action.").[2]

Further, the mere fact that the counsel who filed the first two cases agreed amongst themselves to submit a joint application should not be given significant weight by the Court in conducting its Rule 23(g) analysis. *See Newberg and Rubenstein on Class Actions*, § 10:11; MCL, 4th, § 10.224 ("[d]eferring to proposals by counsel without independent examination, even those that seem to have the concurrence of a majority of those affected, invites problems down the road

---

[2] Courts routinely have rejected the "first to file" approach in data breach litigation and generally have not granted prematurely-filed leadership applications, choosing instead to create a more fulsome and orderly process to determine who is best qualified to represent the putative class. *See, e.g.*, *Johnson v. Cencora, Inc. et al.*, Case No. 2:24-cv-02227 (E.D. Pa.) (in data breach case, denying as a premature a leadership application that was filed days after the initial complaint was filed) (ECF No. 15); *Nathanson v. Yale New Haven Health Services* Corp., Case No. 3:25-cv-00609 (D. Conn.) (in data breach case, denying leadership application filed the same day as the initial complaint) (ECF No. 22); *In re: MOVEit Customer Data Sec. Breach Litig.*, Case No. 1:23-cv-03083 (D. Mass.) (denying as moot early filed leadership applications and creating an organized structure for plaintiffs' counsel to submit applications for lead counsel) (ECF Nos. 259–61); *Reichbart v. Financial Business and Consumer Solutions, Inc.*, Case No. 2:24-cv-01876 (E.D. Pa.) (in a data breach case, granting motion to intervene and granting parties the opportunity to respond to an earlier filed leadership application) (ECF No. 18); *In re: Wawa, Inc. Data Sec. Litig.*, Case No. 2:19-cv-06019 (E.D. Pa.) (consolidating putative class action cases arising from the Wawa data breach, while rejecting early motions for appointment of leadership and setting a schedule for the process of leadership applications) (ECF Nos. 9, 30, 62–63); *In re: Apple Data Privacy Litig.*, Case No. 5:22-cv-07069 (N.D. Cal.) (in a data privacy case the court did not grant the first-filed leadership application but rather ordered the parties to meet and confer on a proposed leadership structure and appointed lead counsel from competing leadership groups after the parties were unable to reach a consensus) (ECF Nos. 56 & 104); *In re: Meta Pixel Healthcare Litig.*, 3:22-cv-03580-WHO (N.D. Cal.) (in data privacy action, the court consolidated overlapping putative class actions and then ordered plaintiffs' counsel to brief the issue of interim class counsel) (ECF No. 28).

5

if designated counsel turn out to be unwilling or unable to discharge their responsibilities satisfactorily or if they incur excessive costs."); Third Circuit Task Force, *Report on Selection of Counsel*, 74 Temp. L. Rev. 689, 697 (2001) ("[V]oluntary agreements among lawyers may create cartel-like groupings that favor some lawyers and disfavor others on the basis of factors that have little to do with ability or fees, and such agreements may also result in overstaffing and padding hours. In order to reach a 'deal,' lead counsel may have to 'cut in' so many lawyers that the representation of the class becomes inefficient and the ultimate fee request becomes inflated.").

Setting a reasonable timeframe in which additional plaintiffs' counsel may submit their applications will not significantly delay the progress of this case, but it will give the Court a better opportunity to fulfill its fiduciary responsibilities to the putative plaintiff class members by giving itself time to solicit applications from, and choose, the *best* qualified counsel among the numerous competent candidates with cases on file.

WHEREFORE, Intervenor respectfully requests that the Court: (1) permit him to intervene in the *Henderson* Action; and (2) establish a schedule for all parties to file applications seeking the appointment of Interim Class Counsel pursuant to Rule 23(g).

Dated: July 16, 2025

Respectfully submitted,

*/s/ Ryan A. Valente*
Ryan A. Valente (N.C. Bar No. 40140)
**POULIN | WILLEY | ANASTOPOULO, LLC**
32 Ann Street
Charleston, SC 29403
Telephone: (803) 222-2222
Fax: (843) 494-5536
Email: teamvalente@poulinwilley.com
cmad@poulinwilley.com

-AND-

Gary F. Lynch*
gary@lcllp.com
Patrick D. Donathen*
patrick@lcllp.com

6

**LYNCH CARPENTER, LLP**
1133 Penn Ave., 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
Facsimile: (412) 231-0246

*Attorneys for Plaintiff and the Proposed Class*

\**Pro hac vice* application forthcoming

7